# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

ADAM HILL                                                                                                                    PLAINTIFF
ADC #601559

v.                                                      4:23CV00196-BRW-JTK

DEXTER PAYNE, et al.                                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.     Introduction**

Adam Hill ("Plaintiff") is in custody at the Pine Bluff Unit of the Arkansas Division of Correction ("ADC"). He filed this pro se action under 42 U.S.C. § 1983 against multiple ADC officials in their personal and official capacities. (Doc. No. 2). Plaintiff alleged Defendants failed to protect him and retaliated against him based on his filing of lawsuits and grievances. (Id. at 5-12). Plaintiff seeks damages. (Id. at 5).

**II.     Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.    Discussion**

Plaintiff alleges Defendants failed to protect him from dangers in 3 barracks and retaliated against him for his earlier filing of lawsuits and grievances.  (Doc. No. 2).

    **A.     Official Capacity Claims**

Plaintiff sued Defendants in their personal and official capacities seeking damages only. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."  Veatch v. Bartels Lutheran Home, 627 F.3d 1254,

1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims against Defendants are the equivalent of claims against the state of Arkansas and are barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's official capacity claims should be dismissed.

### B.    Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

Plaintiff named Deborah Williams as a Defendant, but made no factual allegations against Williams in his Complaint. The Court notes that Plaintiff identified Williams in a grievance alleging failure to protect. (Doc. No. 2 at 13). In his Complaint, Plaintiff described Williams as the "Director's Secretary." (Id. at 3). Plaintiff has not explained how Williams, as a secretary, had any authority to change the conditions of Plaintiff's confinement, or could be responsible for not changing the conditions of Plaintiff's confinement. As such, Plaintiff cannot establish deliberate indifference on the part of Williams; Plaintiff failed to state a claim against Williams on which relief may be granted.

## IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that

1. Plaintiff's official capacity claims be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. Plaintiff's claims against Deborah Williams be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

3. Deborah Williams be DISMISSED as a party to this action.

Dated this 20th day of March, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE